IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID WEIDERT,

    Petitioner,

  v.

GARY GROUNDS,

    Respondent.

No. C 11-00564 SI

**ORDER DISMISSING CLAIM; ORDER TO SHOW CAUSE**

David Weidert, an inmate at the California State Correctional Training Facility in Soledad California, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Approximately thirty years ago, petitioner was convicted of one count of first degree murder (Cal. Penal Code § 187) and one count of kidnaping (Cal. Penal Code § 207). Pet. at 4 & Ex. A; *see also People v. Weidert*, 39 Cal. 3d 836 (1985). Weidert's petition does not challenge his conviction, but instead challenges a February 25, 2009 decision by the Board of Parole Hearings ("BPH") finding him unsuitable for parole. It also challenges BPH's application to him of the 2008 Proposition 9 amendment to California Penal Code Section 3041.5(b)(3) ("Proposition 9"), also known as Marsy's Law.

**I.    Unsuitability finding**

Petitioner's first allegation is that the BPH's decision violated his federal right to due process because it "was reached without record evidence demonstrating that his parole would pose a current

1  '*unreasonable* risk of danger' to public safety." Pet. at 1 (quoting Cal. Penal Code § 3041(a)) (emphasis
2  in petition). The United States Supreme Court recently made clear that in the context of a federal habeas
3  challenge to the denial of parole, a prisoner subject to a parole statute similar to California's receives
4  adequate process when BPH allows him an opportunity to be heard and provides him with a statement
5  of the reasons why parole was denied. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam).
6  Here, the record shows Petitioner received at least this amount of process. *See* Pet. Ex. B (Hearing
7  Transcript & Transcript of Decision). The Constitution does not require more. *Swarthout*, 131 S. Ct.
8  at 862.

9  The Court also made clear that whether BPH's decision was supported by some evidence of
10 current dangerousness is irrelevant in federal habeas: "it is no federal concern . . . whether California's
11 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was
12 correctly applied." *Swarthout*, 131 S. Ct. at 863.

13 Petitioner's due process claim is DISMISSED.

15 **II.     Ex post facto claim**

16 Petitioner's second allegation is that the BPH's application to him of Proposition 9 violated his
17 federal constitutional protections against ex post facto laws. The way in which Proposition 9 changed
18 California law is discussed in detail in *Gilman v. Schwarzenegger*, --- F.3d ----, 2011 WL 198435 (9th
19 Cir. Jan. 24, 2011). In *Gilman*, the Ninth Circuit reversed a preliminary injunction in a case brought by
20 eight California life-term prisoners who represented a class of similarly situated California prisoners.
21 However, *Gilman* does not necessarily foreclose all ex post facto challenges to the application of
22 Proposition 9. Petitioner's claim is cognizable in a federal habeas action and is not vague, conclusory,
23 or plainly incredible or frivolous. The petition therefore warrants a response.

25 For the foregoing reasons, the Court hereby finds and orders as follows:
26 1.    Petitioner's due process claim is DISMISSED.
27 2.    Petitioner's ex post facto claim is cognizable for habeas relief and warrants a response.
28 3.    The clerk shall serve by certified mail a copy of this order, the petition and all

Case 3:11-cv-00564-JST   Document 2   Filed 03/29/11   Page 3 of 3

attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

4. Respondent must file and serve upon petitioner, **on or before 60 days from the date of this order**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued as to the ex post facto claim. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition, unless those transcripts were already filed by petitioner.

5. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent **on or before 30 days from the date of receipt of respondent's answer**.

**IT IS SO ORDERED.**

Dated: March 29, 2011

*Susan Illston*
SUSAN ILLSTON
United States District Judge