IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID WEIDERT,

        Petitioner,

  v.

GARY GROUNDS,

        Respondent.

No. C 11-00564 SI

**ORDER DENYING MOTION TO DISMISS AND STAYING CASE**

Petitioner David Weidert, an inmate at the California State Correctional Training Facility in Soledad California, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The sole claim remaining in the petition is that the Board of Parole Hearings' application to Weidert of the 2008 Proposition 9 amendment to California Penal Code Section 3041.5(b)(3) ("Proposition 9"), also known as Marsy's Law, violated his federal constitutional protections against ex post facto laws. Respondent has filed a motion to dismiss, arguing that this claim is not cognizable in a federal habeas petition.

In certain circumstances, an ex post facto challenge to the application of a new parole eligibility statute may be brought in a petition for writ of habeas corpus. *See, e.g., Himes v. Thompson*, 336 F.3d 848, 850 (9th Cir. 2003). Whether it may in this case depends in part on the meaning of the state law being challenged. The California Supreme Court recently granted review in a case interpreting Proposition 9. *See In re Vicks*, --- P.3d ----, 2011 WL 3250440 (Cal. 2011).

Respondent's motion to dismiss is DENIED without prejudice, and this case is STAYED, pending the outcome of *In re Vicks*. The parties are ORDERED to file a joint notice with the Court, **within 15 days** of the California Supreme Court's resolution of *In re Vicks*, informing the Court as to (1) the outcome of the case, (2) whether respondent intends to renew his motion to dismiss, and (3)

proposing a briefing schedule either for a renewed motion to dismiss or for the filing of a traverse.

**IT IS SO ORDERED.**

Dated: August 8, 2011

SUSAN ILLSTON
United States District Judge