UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEIDERT,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY GROUNDS,<br><br>    Defendant. | Case No.  11-cv-00564-JST<br><br>**ORDER STAYING ACTION** |

David Weidert, an inmate at the California State Correctional Training Facility in Soledad, California, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons discussed below, the Court will stay the only remaining cognizable claim sua sponte until the Ninth Circuit issues an opinion in Burnight, a case that raises the same issues that the Court must resolve in connection with Weidert's remaining claim.  See Burnight v. Swarthout, Case No. 2:10-cv-00919-MCE-GGH (E.D. Cal. Mar. 29, 2011) (order denying habeas petition), appeal docketed, Case No. 11-16062 (9th Cir. Apr. 27, 2011).

I.   **BACKGROUND**

A jury convicted Weidert of one count of first degree murder and one count of kidnapping in Fresno County Superior Court in or around 1980.[1]  Pet. at 4 & Ex. A; see also People v. Weidert, 39 Cal.3d 836 (1985).

Weidert filed the instant habeas petition on February 7, 2011, in which he brings two challenges to the Board of Parole Hearings' ("BPH") determination on February 25, 2009, that Weidert is unsuitable for parole.  Pet. at 1.

//

---

[1] See Cal. Penal Code §§ 187 (first degree murder), 207 (kidnapping).

Weidert's first challenge is based on the notion that the BPH's decision finding him unsuitable for parole violated his federal right to due process because it "was reached without record evidence demonstrating that his parole would pose a current '*unreasonable* risk of danger' to public safety." Pet. at 1. The Court dismissed this claim on March 29, 2011, finding that Weidert received at least the minimum amount of due process required by the Constitution. See ECF No. 2 at 2.

Weidert's second challenge is based on the notion that the application of Proposition 9 to his eligibility for parole violated his federal constitutional protections against ex post facto laws, because it effectively increases the length of his incarceration.[2] Pet. at 30. Prior to the enactment of Proposition 9, which also is known as Marsy's Law, subsequent parole hearings following an initial denial of parole had to be convened within one year of the denial unless the Board found that it was unreasonable to expect that parole could be granted the following year. Cal. Penal Code § 3041.5(b)(2) (2008). Proposition 9 modified this time period and authorizes the deferral of a subsequent parole hearing for a period up to fifteen years. Cal. Penal Code § 3041.5(b)(3) (2009). The shortest interval the Board may set between hearings is three years, and it may do so based on a finding that the prisoner "does not require a more lengthy period of incarceration . . . than seven additional years." Id. Weidert argues that this "change in the law 'creates a substantial risk of increasing his punishment' . . . [and] therefore violate[s] his state and federal constitutional protections against *ex post facto* laws." Pet. at 30 (quoting Garner v. Jones, 529 U.S. 244, 256 (2000)) (emphasis in petition).

On March 29, 2011, the Court held that Weidert's ex post facto claim is cognizable and required Respondent Grounds to file an answer to the petition. See ECF No. 2. Grounds filed an answer and moved to dismiss the ex post facto claim. ECF No. 3. The Court denied the motion to dismiss on August 8, 2011, and stayed the action pending the California Supreme Court's resolution of In re Vicks, 295 P.3d 863 (Cal. 2013), a case in which a prisoner brought certain challenges to the application of Proposition 9 to the parole process. ECF No. 6. The Court lifted

---

[2] Proposition 9 amended California Penal Code Section 3041.5(b)(3) in 2008.

2

1  the stay on March 12, 2013, after the California Supreme Court issued a decision in In re Vicks.
2  ECF No. 10.  Grounds then filed an answer to Weidert's petition.  ECF No. 11.

In his answer, Grounds makes three arguments for dismissing or denying Weidert's petition with respect to the remaining ex post facto claim.

First, Grounds contends that the Court should decline to exercise jurisdiction over Weidert's habeas petition because Weidert is a class member in Gilman v. Fisher, Case No. 05-0830-LKK-GGH (E.D. Cal. filed Mar. 27, 2005), which is a class action pending in the Eastern District of California.  The class members in Gilman are challenging the application of Proposition 9 to parole determinations on the ground that Proposition 9 violates the Ex Post Facto Clause of the Constitution.  They seek an injunction against the application of Proposition 9 to any class member in connection with their rights under California Penal Code section 3041.5(b).  See Gilman, ECF No. 154-1 (Fourth Am. Compl.) at 10-14.

Second, Grounds argues that the Court lacks jurisdiction over Weidert's petition under the habeas statute, because Weidert's release from prison would not necessarily be accelerated even if he prevails on his ex post facto claim.  See ECF No. 11 at 5.

Third, Grounds contends that even if the Court finds that Weidert's habeas claim is properly brought under the federal habeas statute, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") precludes federal habeas relief with respect to Weidert's ex post facto claim.  See Id. at 7:8-18.

**II.   DISCUSSION**

Because two of the issues raised in Grounds' answer will be addressed by the Ninth Circuit in Burnight v. Swarthout, the Court will stay this action sua sponte until the Ninth Circuit issues a decision in that case.  On January 23, 2013, the Ninth Circuit issued a certificate of appealability with respect to the following issues:

> (1) whether appellant's Ex Post Facto challenge to the application of Marsy's Law is cognizable in a federal habeas proceeding, and, if so, whether appellant may pursue this claim in habeas if he is simultaneously a class member in Gilman v. Fisher, et al., No. CIV-S-05-0830-LKK-GGH (E.D. Cal. filed Mar. 27, 2005) which is currently pending in the Eastern District of California; and

3

>(2) if appellant is not barred from pursuing this challenge in the instant habeas petition, whether the California Board of Parole Hearings' implementation of Marsy's Law to defer appellant's subsequent parole suitability hearing violated the Ex Post Facto Clause.

Burnight v. Swarthout, No. 2:10-cv-00919-MCE-GGH (E.D. Cal. Mar. 29, 2011) (order granting certificate of appealability), appeal docketed, No. 11-16062 (9th Cir. Apr. 27, 2011).

A district court has discretion to stay a habeas proceeding. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005). When reviewing an order staying a habeas action, the Ninth Circuit "balance[s] the length of the stay against the strength of the justification given for it." Yong v. I.N.S, 208 F.3d 1116, 1119 (9th Cir. 2000).

Here, a stay is appropriate because the length of the stay is not indefinite and because the stay will promote efficiency.

First, it is unlikely that the stay of Weidert's habeas petition will be in place for a significant period of time. The Ninth Circuit heard oral argument in Burnight on August 12, 2013, and an order is imminent. The stay of Weidert's petition will be lifted as soon as the Ninth Circuit issues an order in Burnight, even if the Ninth Circuit's determination is appealed to the Supreme Court. Cf. Yong, 208 F.3d at 1119 (vacating a stay as indefinite because the district court did not limit the length of the stay until an appeal to the Ninth Circuit was resolved; the district court improperly crafted the stay such that it would remain in place until all appeals were resolved).

Second, the stay is justified because it will confer substantial benefits to the parties and the courts by decreasing the likelihood of duplicative or unnecessary proceedings and by promoting uniformity in decisions by district courts within this circuit.

//
//
//
//
//
//
//

**III.   CONCLUSION**

This action is STAYED pending a decision by the Ninth Circuit in <u>Burnight</u>.  The Clerk is ordered to ADMINISTRATIVELY CLOSE this case for the duration of the stay.  Weidert shall file a motion to lift the stay in ECF within fourteen days of the date the Ninth Circuit issues its decision in <u>Burnight</u>.

**IT IS SO ORDERED.**

Dated:  February 10, 2014



JON S. TIGAR
United States District Judge